UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | Civil Action No. _____ |
| v. ) ) ) | **COMPLAINT** |
| CITY OF BOONE, IOWA, ) ) | (Jury Trial Demand) |
| Defendant. ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Larry Cook. As alleged below, on or about June 2, 2005, the defendant City of Boone, Iowa, refused to hire Cook as a Municipal Infraction Officer because of his age (then 62). Instead, it hired a less-qualified individual who was much younger (then 25).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 626(b), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Iowa.

## PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting, and enforcing the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, the defendant, the City of Boone, Iowa (the "City"), has continuously been a political subdivision of the State of Iowa.

5. At all relevant times, the City has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

## CONCILIATION

6. Prior to institution of this lawsuit, the EEOC's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7. Since at least on or about June 2, 2005, the City engaged in unlawful employment practices at its Boone, Iowa, facility, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it refused to hire Cook, who was in the protected age group as defined in Section 12 of the ADEA, 29 U.S.C. § 631, as a Municipal Infraction Officer because of his age (then 62). Instead, it hired a less-qualified individual who was much younger (then 25) and not in the age group protected by the ADEA.

8. The effect of the practices complained of in Paragraph 7 above has been to deprive Cook of equal employment opportunities and otherwise adversely affect his status as an applicant for employment, because of his age.

9. The unlawful employment practices complained of in Paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining the City and its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from engaging in employment practices which discriminate against individuals 40 years of age and older by illegally denying them employment opportunities for which they are qualified.

B. Order the City to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring the City to pay Cook appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and pre-judgment interest.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

        P. David Lopez
        General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

                                EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                131 M Street, N.W.
                                Washington, D.C.  20507

Dated:  May 24, 2010        /s/ *John C. Hendrickson*_____
                                John C. Hendrickson
                                Regional Attorney

Dated:  May 24, 2010         /s/ *Jean P. amp*_____
                                Jean P. Kamp
                                Associate Regional Attorney

                                EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                Chicago District Office
                                500 West Madison Street - Suite 2800
                                Chicago, IL  60661
                                *Telephone*:  (312) 353-7719
                                *E-mail*:      john.hendrickson@eeoc.gov
                                *E-mail*:      jean.kamp@eeoc.gov

Dated: May 24, 2010         /s/ *Dennis R. McBride*_____
                                Dennis R. McBride
                                Senior Trial Attorney

                                EQUAL EMPLOYMENT OPPORTUNITY
                                        COMMISSION
                                Milwaukee Area Office
                                310 West Wisconsin Avenue - Suite 800
                                Milwaukee, WI  53203-2292
                                *Telephone*:  (414) 297-4188    *Fax*:  (414) 297-3146
                                *E-mail*:      dennis.mcbride@eeoc.gov